# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TORRELL CLARK, | ) |
| | ) CIVIL ACTION NO. _____ |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| GEORGIA UNITED CREDIT UNION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Torrell Clark ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Georgia United Credit Union ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA") and state law defamation.

2. Defendant, a credit union, reported to the national credit bureaus, Equifax, Experian, and Trans Union (the "CRAs") that Plaintiff was late on certain of his monthly account payments for two separate accounts when he was not.

3. When Plaintiff disputed the accuracy of the inaccurate late payments on the two accounts through the CRAs, Defendant failed conduct a reasonable investigation and continues to report the inaccurate late payments to the CRAs. Plaintiff has been harmed as a result of Defendant's conduct.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff is a natural person and a resident of Rockdale County, Georgia. Plaintiff is a "consumer" under the FCRA.

5. At all times material to this action, Defendant was a Georgia credit union with its principal office located in Gwinnett County, Georgia. Defendant is a "furnisher" of information as that term is used in the FCRA.

6. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Debbie Smith, 6705 Sugarloaf Parkway, Duluth, GA 30097.

7. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of Plaintiff's state law claim.

8. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

9.     Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

10.    Defendant has two loans with Defendant.  The first is an auto loan opened in May, 2021 (the "Auto Loan") and the second is a motorcycle loan opened in June, 2022 (the "Motorcycle Loan").

11.    Defendant reports both the Auto Loan and the Motorcycle Loan to the CRAs on a monthly basis to be included in Plaintiff's credit files with each CRA.

12.    In 2023, Plaintiff obtained a copy of his credit reports and noticed that Defendant was reporting inaccurate late payments for the Auto Loan and Motorcycle Loan.

13.    Specifically, Defendant was reporting that Plaintiff was over 30 days past due on his payment for the month of 06/2023 for the Auto Loan and, further, that he was over 30 days past due on his payment for the months of 05/2023, 07/2023, and 08/2023 for the Motorcycle Loan (collectively the "Late Payments").  This was inaccurate.  Plaintiff was not over 30 days late on his payments for any of the months described above.

14.    Plaintiff thereafter sent dispute letters to all three CRAs concerning the inaccurate Late Payments (the "FCRA Disputes").

15. Upon information and belief, Defendant received Plaintiff's FCRA Disputes from the CRAs.

16. In October 2023, Plaintiff received correspondence from Equifax, one of the CRAs, advising him that Equifax had completed the results of its reinvestigation and that Defendant had verified that it was correctly reporting the Late Payments described above. This was incorrect because the Late Payments were inaccurate.

17. As of the date of this Complaint, Plaintiff has not received similar correspondence from Trans Union or Experian regarding the FCRA Disputes he made with those companies.

18. Upon information and belief, Defendant undertook an investigation of Plaintiff's FCRA Dispute and reported the results thereof back to Equifax.

19. Defendant's verification to Equifax that it was reporting the Late Payments correctly was false because Plaintiff was not more than 30 days late for the months described.

20. As a result of Defendant's false and inaccurate credit reporting of the Late Payments, Plaintiff has suffered concrete harm.

21. As a result of Defendant's wrongful conduct set forth above, Plaintiff has suffered emotional distress arising from having inaccurate Late Payments on his credit reports and worrying that such inaccurate Late Payments would negatively

impact his credit reputation and credit score; a reduced credit score; reputational harm by Defendant representing to Equifax and the other CRAs that Plaintiff was late on numerous payments when he was not; embarrassment by Defendant reporting to Equifax and the other CRAs that Plaintiff had multiple late payments when he did not; and time, expense, and effort spent reviewing his credit reports and trying to persuade Defendant to correct its inaccurate reporting.  Plaintiff has also had to retain counsel to protect his rights.

## COUNT ONE:

### Defendant's Negligent Violations of the FCRA

22. Defendant negligently violated the FCRA by failing to meet its investigation obligations with respect to Plaintiff's FCRA Disputes in violation of 15 U.S.C. § 1681s-2(b).

23. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged as set forth in Paragraph 21 above.

24. Pursuant to 15 U.S.C. 1681o, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the Court.

25. Pursuant to 15 U.S.C. 1681o, Defendant is liable to Plaintiff for his reasonable attorney's fees and costs.

## COUNT TWO:

### Defendant's Willful Violations of the FCRA

26. Defendant willfully violated the FCRA by recklessly failing to meet its investigation obligations with respect to Plaintiff's FCRA Disputes in violation of 15 U.S.C. § 1681s-2(b).

27. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged as set forth in Paragraph 21 above.

28. Pursuant to 15 U.S.C. 1681n, Defendant is liable to Plaintiff for his actual damages, statutory damages, and punitive damages and in an amount to be determined by the Court.

29. Pursuant to 15 U.S.C. 1681n, Defendant is liable to Plaintiff for his reasonable attorney's fees and costs.

## COUNT THREE:

### Defamation

30. Defendant made false statements to the CRAs concerning Plaintiff, to wit: Defendant repeatedly stated to the CRAs that Plaintiff was late on his payments as described above (Late Payments) when he did not.  These statements were false.

31. Defendant's statements were not privileged.

32. Defendant was at least negligent in making the false statements.

33. Plaintiff was harmed by the false statements because they were embarrassing to him, caused him reputational harm, caused him emotional distress, harmed his credit scores, and caused him to be denied credit.

WHEREFORE, Plaintiff requests the following relief:

1. That he have a jury trial on his claims herein;

2. an award of actual damages;

3. an award of statutory damages;

4. an award of punitive damages;

5. an award of his costs and reasonable attorney's fees; and,

6. all other relief the Court deems just and proper.

This 8th day of November, 2023.

**LOVE CONSUMER LAW**

*/s/ John A. Love*
John A. Love
Ga Bar No. 459155

2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com